# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 26, 2014

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

148740

In re Estate of DOLORES C. SOLTYS
_____

DENNIS SOLTYS, SR., and MARLENE
HARRIS,
         Plaintiffs-Appellees,

v

DAVID A. SCHMIDLIN, Personal Representative
of the Estate of KATHLEEN SCHMIDLIN,
         Defendant-Appellant.

_____/

SC: 148740
COA: 311143
St. Clair PC: 2009-000587-CZ

       On order of the Court, the application for leave to appeal the January 7, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals opinion affirming the ruling of the St. Clair Probate Court that the plaintiffs had sufficiently rebutted the statutory presumption of a depositor's intention to vest title to jointly held accounts in the surviving joint owner, MCL 487.703. In this case, the statutory presumption that the decedent intended the joint accounts to become the property of the survivor arose based on evidence that the decedent created and maintained the accounts until her death. *Jacques v Jacques*, 352 Mich 127 (1958). The Court of Appeals stated that "the statutory presumption . . . can be rebutted by competent evidence." However, although a party challenging the statutory presumption certainly must proffer competent evidence, the relevant question is whether the party has met its burden of proof to overcome the statutory presumption by providing reasonably clear and persuasive proof of a contrary intention. *Id.*; *Lau v Lau*, 304 Mich 218 (1943); see also *Kirilloff v Glinisty*, 375 Mich 586 (1965). We REMAND this case to the Court of Appeals for application of the proper standard. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

       We do not retain jurisdiction.



       I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 26, 2014



p1125

                            Clerk